## LYDIA DEAN *versus* EBENEZER DEAN.

*Oct 26th*    THE parties were married in 1824, and were divorced *a mensâ et thoro* in 1826 by a decree of this Court, in which it was ordered, that all the real and personal property which came to the defendant by his marriage with the plaintiff, should be restored to her; and she brought this action of trover for certain articles which were her property at that time, but of which a part had been consumed in the family of the plaintiff and defendant, and the residue sold before the divorce; but the *Court*, without hearing the defendant's counsel, said the decree could not operate on the articles con sumed or disposed of as above, and entered a nonsuit.[3]    (But see *Dean* v. *Richmond, post*, 461.)

   *Chapin*, for the plaintiff.

   *Baylies* and *Cobb*, for the defendant.

---

**429**    COMMONWEALTH *versus* MALBONE BRIGGS *et ux.*

Upon the trial of husband and wife upon an indictment for receiving stolen goods, the declarations of the wife, though criminating both, are admissible in evidence to prove *her* guilt, and the jury must take care that they do not operate to the pre judice of the husband.

Where an indictment for an offence alleges in aggravation a former conviction for a similar offence, and the jury find a general verdict of guilty, if no evidence was produced showing the identity of the defendant with the person formerly convicted, the verdict cannot be sustained.

   THE defendants were jointly indicted and tried for receiving and secreting a piece of broadcloth, a shell comb, and a quantity of money, knowing that they had been stolen. Trial before *Morton* J.

   Before the trial commenced, the counsel for Malbone moved that he should be tried separately, and assigned as a reason, that evidence of the declarations of his wife might prejudice him. This motion was objected to by the attorney-general and was overruled.

---

   [3] See Revised Stat. *c.* 76, § 28.